UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

JUAN SAMPEL,
        Plaintiff,

v.

LIVINGSTON COUNTY, et al.,
        Defendants.
_____

**DECISION & ORDER**
17-cv-06548-EAW-MJP

## Preliminary Statement

Pro se plaintiff Juan Sampel ("plaintiff" or "Sampel") brings this action pursuant to 42 U.S.C. § 1983 alleging that the Livingston County Jail, Dr. Aguirre, Nurse Erin Howe, Chief Jason Yasso, and Sergeant Aaron Galvin (collectively, "defendants") violated his civil rights. (Compl., Aug. 9, 2017, ECF No. 1). Currently pending before the Court are plaintiff's motion to appoint counsel (ECF No. 23), plaintiff's motion to compel discovery (ECF No. 27), and defendants' motion for a protective order (ECF Nos. 30 & 44). For the reasons explained more fully below, plaintiff's motion to appoint counsel (ECF No. 23) is **denied**, plaintiff's motion to compel (ECF No. 27) is **denied**, and defendants' motion for a protective order (ECF Nos. 30 & 44) is **granted in part** and **denied in part**.

## Discussion

Motion to Appoint Counsel (ECF No. 23): Plaintiff argues in his first motion that he requires appointed counsel because he is unable to conduct legal research in the prison library and his leg injury prevents him from "standing for more [than] fifteen minutes in one place."(Pl.'s Aff. at 2, ECF No. 23). Plaintiff also claims that he

1

was unable to secure an attorney for the case. (Pl.'s Aff. at 3, ECF No. 23). For the reasons that follow, plaintiff's motion to appoint counsel is **denied**.

Unlike criminal defendants, indigent civil litigants do not have a constitutional right to counsel. *Burgos v. Hopkins*, 14 F.3d 787, 789 (2d Cir. 1994). However, courts have the discretion to appoint counsel, pursuant to 28 U.S.C. § 1915(e), to represent such litigants when the facts of the case warrant it. *Sears, Roebuck & Co. v. Charles W Sears Real Estate, Inc.*, 865 F.2d 22, 23 (2d Cir. 1988); *see also, In re Martin-Trigona*, 737 F.2d 1254, 1260 (2d Cir. 1984). That said, "[v]olunteer lawyer time is a precious commodity" that "should not be allocated arbitrarily." *Cooper v. A. Sargenti Co.*, 877 F.2d 170, 172 (2d Cir. 1989). In *Hodge v. Police Officers*, the Second Circuit outlined several factors to be considered by courts in deciding whether or not to appoint counsel:

> [T]he district judge should first determine whether the indigent's position seems likely to be of substance. If the claim meets this threshold requirement, the court should then consider the indigent's ability to investigate the crucial facts, whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder, the indigent's ability to present the case, the complexity of the legal issues, and any special reason in the case why appointment of counsel would be more likely to lead to a just determination.

802 F.2d 58, 61 (2d Cir. 1986).

Applying the *Hodge* factors to this case, and assuming that plaintiff's allegations satisfy the initial threshold showing of merit, the Court holds that appointment of counsel is unwarranted. Other than plaintiff's claimed inability to perform legal research, no other factors supported by the record warrant the appointment of counsel. Plaintiff's complaint is detailed and adequately describes the

alleged events that led to his claims. Moreover, the circumstances surrounding plaintiff's claims do not appear to be unusually complicated and the legal issues alleged are not so complex as to preclude plaintiff's ability to proceed without counsel. That is, the case involves a dispute over incidents that occurred in 2017 that led to the injury alleged. (Compl. at 5-6, ECF No. 1). Plaintiff claims defendants acted with "deliberate indifference" to plaintiff's medical needs and defendants disagree.

Further, plaintiff appears sufficiently knowledgeable and equipped to understand and handle the litigation. He has drafted coherent pleadings, attached relevant documents to his complaint, and answered interrogatories. *See Lenhard v. Colographics of Rochester*, No. 15-CV-6166, 2016 WL 4661377, at *2 (W.D.N.Y. Sept. 6, 2016) (denying appointment of counsel where "the case does not present novel or overly complex legal issues, and there is no indication that [plaintiff] lacks the ability to present his case"). Additionally, given the limited resources available with respect to pro bono counsel, the Court finds no "special reason" why appointment of counsel now would be more likely to lead to a just determination. *See Boomer v. Deperio*, No. 03-CV-6348L, 2005 WL 15451, at *1-2 (W.D.N.Y. Jan. 3, 2005) (denying motion to appoint counsel despite plaintiff's claims that the matter was complex and he had a limited knowledge of law); *Harris v. McGinnis*, No. 02-CV-6481, 2003 WL 21108370, at *2 (S.D.N.Y. May 14, 2003) (denying motion for appointment of counsel where plaintiff "offered no special reason why appointment of counsel would increase the

likelihood of a just determination"). If necessary, plaintiff may consult with the Western District's pro se office attorneys for questions on process and procedure.

<u>Motion to Compel (ECF No. 27)</u>: Plaintiff argues in his second motion that defendants failed to comply with the Court's scheduling order (ECF No. 10) and failed to submit required disclosures on time. (Pl.'s Aff. at 2, ECF No. 27). He moves to compel production of said disclosures and requests sanctions pursuant to Federal Rule of Civil Procedure ("Rule") 37(a) for defendants' alleged noncompliance. *Id.* However, defendants point out in their response that plaintiff seeks to compel discovery that has already been provided to plaintiff. (Def.'s Decl. at 1, ECF No. 29). Moreover, defendants argue that they fully complied with the Court's scheduling order. (Def.'s Decl. at 2, ECF No. 29). The Court agrees with defendants.

The Court's scheduling order states that "not later than February 28, 2019 defendants shall provide to plaintiff of all persons who were present at, witnessed, or investigated the events from which the plaintiff's claims arose." (ECF No. 10 at 2). The record shows that defendants complied with the scheduling order by filing their initial disclosures electronically on February 28. (ECF No. 14). Defendants lawfully supplemented their initial disclosures with additional documents on April 17, 2019, pursuant to Rule 26(e). (ECF No. 25). Parties are permitted to supplement their initial disclosures if when they receive or become aware of additional discoverable

information. Fed. R. Civ. P. Rule 26(e)(1)(a). Finally, plaintiff does not specify what discovery, if any, is still outstanding.

That part of plaintiff's motion that requests sanctions is likewise inappropriate. The arrival of the initial disclosures at the Steuben County Jail five days after their filing clearly does not warrant the imposition of sanctions.

For these reasons, plaintiff's motion is denied.

<u>Motion for Protective Order (ECF Nos. 30 & 44):</u> On June 30, 2019, defendants moved for a protective order pursuant to Rule 26(c) that deems confidential all materials produced by defendants, including surveillance videos and documents, and prohibits plaintiff from publishing, sharing, or otherwise disclosing such materials or information for any purpose except litigating the matter before the Court. Plaintiff has not raised any objection to the defendants' motion. On December 5, 2019, defendants supplemented the Declaration in support of their motion for a protective order. (ECF No. 44). For the reasons that follow, defendants' motion is **granted in part**.

A court may, upon a showing of good cause, issue a protective order to shield a party or person from "annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1). Courts have broad discretion to determine when a protective order is necessary. *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36 (1984). However, a court may not enter a protective order absent a showing of good cause by the moving party. *In re Agent Orange Prod. Liab. Litig.*, 821 F.2d 139, 145 (1987) ("[I]f

good cause is not shown, the discovery materials in question should not receive judicial protection and therefore would be open to the public for inspection.").

Generally, good cause exists "when a party shows that disclosure will result in a clearly defined, specific and serious injury." *In re Terrorist Attacks on September 11, 2001*, 454 F.Supp.2d 220, 222 (S.D.N.Y. 2006) (*quoting Shingara v. Skiles*, 420 F.3d 301, 306 (3d Cir. 2005)); *see also Allen v. City of New York*, 420 F. Supp. 2d 295, 302 (S.D.N.Y. 2006) ("[A] party can show good cause for protection of a document under Fed. R. Civ. P. 26(c) if it demonstrates a clearly defined and serious injury that would result from disclosure of the document.") (internal quotation marks omitted). "Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not satisfy the Rule 26(c) test. Moreover, the harm must be significant, not a mere trifle." *Cipollone v. Liggett Group, Inc.*, 785 F.2d 1108, 1121 (3d Cir. 1986) (internal citations omitted); *see also Flaherty v. Seroussi*, 209 F.R.D. 295, 299 (N.D.N.Y. 2001) ("The mere fact that some level of discomfort, or even embarrassment, may result ... is not in and of itself sufficient to establish good cause to support the issuance of protective order. To rise to a level of good cause, any such embarrassment must be substantial.").

To determine whether to grant a protective order, a court must weigh the privacy rights of the parties against the general public's interest in the information at issue. *Dorsett v. County of Massau*, 762 F. Supp. 2d 500, 514-15 (E.D.N.Y. 2011); *In re Zyprexa Injunction*, 474 F.Supp.2d 385, 415 (E.D.N.Y. 2007). There is no public right of access to materials produced during the initial stages of discovery. *Terrorist*

*Attacks*, 454 F. Supp. 2d at 222; *see also United States v. Amodeo*, 71 F.3d 1044, 1050 (2d Cir. 1995) ("Documents that play no role in the performance of Article III functions, such as those passed between the parties in discovery, lie entirely beyond [the reach of the presumption of public access]. . . ."). Nevertheless, parties are free to disseminate discovery materials that are not placed under a protective order as they see fit. *Schiller v. City of New York*, No. 04 Civ. 7922 KMK JCF, 04 Civ. 7921 KMK JCF, 2007 WL 136149, at *2 (S.D.N.Y. Jan. 19, 2007).

The case of *Harris v. Livingston Cty.* is particularly instructive. There, in a similar § 1983 claim, defendants argued that video surveillance footage from a prison should be subjected to a protective order due to the safety and security concerns of the detention center. *Harris v. Livingston Cty.*, No. 14-CV-6260-DGL-JWF, 2018 WL 6566613, at *1-2 (W.D.N.Y. Dec. 13, 2018). This Court agreed with defendants.

The Court reaches the same conclusion here. The surveillance videos produced by defendants are of a sensitive and confidential nature. The videos provide information (i.e. the geographical layout of the jail, the location of the cameras, the view from the cameras) that could be used to exploit potential gaps in surveillance. As in *Harris*, the Court finds good cause for a protective order against the surveillance footage.

Defendants have not, however, demonstrated good cause with respect to the other documents specified by defendants in their motion papers. (ECF Nos. 14 1-5, 25 and 25-1.)[1] Defendants have likewise failed to show good cause for the designation of

---

[1] The initial relief requested, in part, that "documents produced to Plaintiff on February 28, 2019 (ECF Nos. 14-14-5 ) . . . be designated confidential pursuant to the requested protective order." (ECF No. 30).

7

all materials produced by defendants as confidential. The risk of specific and serious injury has not been demonstrated. Absent a showing of good cause, the Court declines at this time to designate all such materials confidential. For the foregoing reasons, the defendants' motion for a protective order is granted insofar as defendants seek to protect video footage and is denied in all other respects.

## Conclusion

Plaintiff's motions to appoint counsel (ECF No. 23) and compel discovery (ECF No. 27) are **denied**. Defendants' motion for a protective order (ECF Nos. 30 & 44) is **granted** to the extent it relates to video footage and is **denied without prejudice** in all other respects.

_____
MARK W. PEDERSEN
United States Magistrate Judge

Dated: December 9, 2019
Rochester, New York