UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

JUAN SAMPEL,

            Plaintiff,                          DECISION & ORDER

      v.                                    17-CV-6548-EAW-MJP

LIVINGSTON COUNTY, et al.,

            Defendants.
_____

## PRELIMINARY STATEMENT

*Pro se* plaintiff Juan Sampel ("Plaintiff") brings this action pursuant to 42 U.S.C. § 1983 alleging that the Livingston County Jail, Dr. Aguirre, Nurse Erin Howe, Chief Jason Yasso, and Sergeant Aaron Galvin (collectively, "Defendants") violated his civil rights. (Compl., Aug. 9, 2017, ECF No. 1). Currently pending before the Court are Plaintiff's motions for reconsideration of his motion to compel discovery (ECF No. 48) and for appointment of counsel (ECF No. 49), both filed on January 13, 2020. Although unclear, it also appears that Plaintiff seeks sanctions in connection with his motion for reconsideration regarding his motion to compel. (ECF No. 48, at 2.) For the reasons explained more fully below, the Court denies without prejudice Plaintiff's motion for reconsideration regarding his motion to appoint counsel, denies his motion for reconsideration regarding his motion to compel as moot, and denies his motion for sanctions.

## PROCEDURAL HISTORY

On March 14, 2019, Plaintiff filed a motion to appoint counsel. (ECF No. 23.) In his motion, Plaintiff argued that the Court should appoint counsel because he was

1

unable to conduct legal research in the prison library and his leg injury prevented him from "standing for more [than] fifteen minutes in one place." (*Id.* at 2.) Plaintiff further contended that he could not find an attorney to aid him with his case. (*Id.* at 3.) After applying the factors provided in the Second Circuit case of *Hodge v. Police Officers*, 802 F. 2d 58, 61 (1986),[1] the Court declined to appoint counsel because "[o]ther than plaintiff's claimed inability to perform legal research, no other factors supported by the record warrant the appointment of counsel." (Decision & Order at 2, Dec. 9, 2019, ECF No. 46.) The Court then applied the *Hodge* factors and explained why they did not support an appointment of counsel. (*Id.* at 2–4.)

On May 17, 2019, Plaintiff made a motion to compel in which Plaintiff asserted that Defendants failed to comply with the Court's scheduling order by not submitting required disclosures on time. (ECF No. 27, at 2.) As a result of Defendants' alleged failure to adhere to the scheduling order, Plaintiff also sought sanctions pursuant to Federal Rule of Civil Procedure 37(a). (*Id.*) Defendants responded that the discovery Plaintiff sought was already provided and that they had complied with the discovery deadline. (Def.s' Resp. at 1–2, Jun. 3, 2019, ECF No. 29.) The Court found that

---

[1] In *Hodge v. Police Officers*, 802 F. 2d 58, 61 (1986), the Second Circuit provided guidance as to when appointment of counsel is appropriate as follows:

> [T]he district judge should first determine whether the indigent's position seems likely to be of substance. If the claim meets this threshold requirement, the court should then consider the indigent's ability to investigate the crucial facts, whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder, the indigent's ability to present the case, the complexity of the legal issues, and any special reason in the case why appointment of counsel would be more likely to lead to a just determination.

Defendants filed their initial disclosures within the time provided in the scheduling order, that Defendants' supplemental production several months later was permitted by Rule 26(e) of the Federal Rules of Civil Procedure, and that sanctions were not warranted where the initial disclosures were received by the Steuben County Jail five days after their filing. (Decision & Order at 4–5.)

## DISCUSSION

> A motion for reconsideration is an extraordinary request that is granted only in rare circumstances, such as where the court failed to consider evidence or binding authority. The standard for granting such a motion is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked — matters, in other words, that might reasonably be expected to alter the conclusion reached by the court.

*Van Buskirk v. United Grp. of Companies, Inc.*, 935 F.3d 49, 54 (2d Cir. 2019) (internal quotations and citations omitted). In other words, a motion for reconsideration "should be granted only when the defendant identifies an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Tr.*, 729 F.3d 99, 104 (2d Cir. 2013) (internal quotations and citations omitted). "'These criteria are strictly construed against the moving party so as to avoid repetitive arguments on issues that have been considered fully by the court.'" *Boyde v. Osborne,* No. 10–CV–6651, 2013 WL 6662862, at *1 (W.D.N.Y. Dec. 16, 2013) (quoting *Griffin Indus., Inc. v. Petrojam, Ltd.,* 72 F.Supp.2d 365, 368 (S.D.N.Y.1999)). Finally, the decision to grant or deny the motion for reconsideration is within "the sound discretion of the district court." *Aczel v. Labonia,* 584 F.3d 52, 61(2d Cir. 2009) (citation omitted).

3

*Plaintiff's Motion for Reconsideration of Plaintiff's Motion to Appoint Counsel (ECF No. 49)*

In his motion for reconsideration regarding his request for counsel, Plaintiff briefly expands upon the reasons he believes the Court should appoint counsel in his case. However, there are no new procedural or factual issues before the Court now that were not considered at the time of the initial denial of the motion. Indeed, as Plaintiff acknowledges (ECF No. 49, at 2), Defendants filed their motion for summary judgment (Nov. 14, 2019, ECF No. 41) prior to Plaintiff's motion for appointment of counsel and the Court still denied Plaintiff's motion because it found that "[P]laintiff appears sufficiently knowledgeable and equipped to understand and handle the litigation." (Decision & Order at 3.)

Moreover, in the Court's December 9, 2019, Decision and Order, the Court specifically discussed the *Hodge* factors, which a court must consider when determining if appointing counsel is appropriate. After careful consideration of the factors, the Court denied the motion and this Court is not persuaded that a different outcome is now warranted. For these reasons, the Court denies without prejudice Plaintiff's motion for reconsideration of his motion for appointment of counsel.

As indicated in the December 9, 2019, Decision and Order, Plaintiff may consult with the Western District's *pro se* office attorneys for questions on process and procedure.

*Motion for Reconsideration of Motion to Compel (ECF No. 48)*

With his present motion, Plaintiff asserts that Defendants failed to comply with the scheduling order deadlines because Defendants have not provided him with X-rays of the injuries sustained to his leg on June 21, 2017. (ECF No. 48, at 1.)

4

Specifically, Plaintiff asserts that Defendants failed to provide him with X-rays from Genesee Regional Hospital and Noyes After Hours Clinic. (*Id.*) Plaintiff also appears to seek sanctions for Defendants' alleged failure to provide such records. (*Id.* at 2.)

With respect to Plaintiff's claim that Defendants failed to comply with the January 30, 2019 scheduling order (ECF No. 10), the Court previously determined that Defendants' discovery was timely provided, and that Defendants are permitted to supplement their discovery pursuant to Rule 26(e) of the Federal Rules of Civil Procedure. (Decision & Order at 4–5.)[2] Plaintiff has not identified "any intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice," sufficient to alter the Court's prior decision on this issue. *Kolel Beth Yechiel Mechil of Tartikov, Inc.*, 729 F.3d at 104.

Moreover, Defendants have indicated that Plaintiff was provided with the radiology reports interpreting Plaintiff's x-rays. (Letter from Shannon B. O'Neill, Esq., to Victoria S. Gleason, Esq. (Apr. 8, 2020), ECF No. 58.) Additionally, Defendants contacted the facility in which Plaintiff is incarcerated and confirmed that Plaintiff is not permitted to receive or use media devices, such as those that would house the actual x-ray films. (*Id.*) For these reasons, the Court denies Plaintiff's motion for reconsideration of his motion to compel as moot.

---

[2] Plaintiff's motion relies upon the deadline provided in the Court's scheduling order of January 30, 2019 (ECF No. 10), which had set a deadline of February 28, 2019, for Defendants to provide specified discovery, including medical records. The Court entered an Amended Scheduling/Case Management Order on June 25, 2019 (ECF No. 35), which extended discovery deadlines by 90 days. In the docket text, the Clerk set the new discovery deadline to September 30, 2019. In his original motion to compel, filed on May 17, 2019 (ECF No. 27), Plaintiff noted that he did not receive the discovery until March 5, 2019, and April 19, 2019. (Pl.'s Mot. to Compel ¶ 2.)

Finally, to the extent Plaintiff seeks sanctions against Defendants for "[f]ailure to make Disclosure [*sic*] or to cooparate [*sic*] in Discovery," Defendants have demonstrated that they have complied with their obligations to the extent possible and, therefore, sanctions are not warranted. For these reasons, the Court denies Plaintiff's motion for sanctions.

## CONCLUSION

Based upon the forgoing, the Court denies Plaintiff's motion for reconsideration regarding appointment of counsel (ECF No. 49) without prejudice, denies his motion for reconsideration of the motion to compel discovery (ECF No. 48) as moot, and the Court denies that motion to the extent that it also sought sanctions against Defendants.

_____
MARK W. PEDERSEN
United States Magistrate Judge

Dated:	April 14, 2020
	Rochester, New York